(No. 4001—

GROVER T. WHITE, Claimant, vs. STATE OF ILLINOIS, Respondent.
Opinion filed April 24, 1947.

FREDERICK E. MERRITT, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

BERGSTROM, J.

This claim was filed on December 16, 1946, and alleges that claimant, Grover T. White, was employed by respondent in the Department of Public Works and Buildings, Division of Highways, and while so employed on August 20, 1946 unloading rock out of a railroad car onto a conveyor belt and in the course of his employment, his right eye became filled with foreign material and dust, became infected and, as a result, later had to be removed. He claims compensation for the loss of his right eye.

The record consists of the Complaint and Report of the Division of Highways. From the record, the jurisdictional requirements have been satisfied, and the claimant was injured during the course of and out of his employment.

August 20, 1946, the day on which this cause of action arose, claimant was 53 years of age, married, and had one child six years of age, dependent upon him for support. He was first employed by the Division of Highways as a common laborer on June 28, 1946 at a wage rate of $1.10 per hour. His classification and wage rate remained unchanged during his period of employment with the Division of Highways. Earnings exclusive of overtime for his period of employment were $468.33. Employees working in a capacity similar to that of claimant ordinarily work less than 200 days per year. Eight hours constitute a normal working day. His compensation rate, therefore, would be $15.00 per week. The injury having

occurred subsequent to July 1945 this must be increased 20%, making a compensation rate of $18.00 per week.

On August 20, 1946 claimant was engaged in transferring crushed limestone rock from railroad cars to trucks by hand shoveling. The scene of operation was the Illinois Central Railroad siding in Kinmundy, Marion County, Illinois. The shoveling by several employees caused much dust to be raised and, on several occasions during the day, limestone dust got into claimant's eye. On each occasion he attempted to rub the dust out of his eyes, and continued with his work. That evening his right eye began to smart and burn. In the days following, his eye continued sensitive, and claimant secured colored glasses to protect it from the sunlight and the dust resulting from the nature of the work.

He did not report his injury to the Division of Highways until September 16, 1946. His foreman requested him to go to the Haley Eye Infirmary, Centralia, Illinois, for treatment. Dr. Max Kirschfelder of the Haley Eye Infirmary, who examined claimant's eyes requested authorization for his hospitalization. The Division of Highways made an investigation of the injury and then completed arrangements for such treatment as should be prescribed by Dr. Lawrence T. Post, and on September 19, 1946 claimant was sent to St. Louis where Dr. Post made arrangements for his admittance to the McMillan Hospital. On September 20, 1946 Dr. Post sent the Division of Highways the following report:

"Examination of Mr. Grover T. White on September 19 revealed an extensive infected ulcer of the right cornea. The vision in this eye was light perception. The other eye appeared normal. A cauterization was performed of the ulcer and the patient hospitalized. The outlook is very bad but it was thought that an effort should be made to preserve the eyeball if possible. If no improvement takes place within about a week, enucleation should be done."

On October 1, 1946 Dr. Post further reported, as follows:

"I was unable to save Mr. Grover T. White's eye and had to perform an evisceration of the globe on September 25. The eye was full of hard matter at that time and was in a hopeless condition.
I sent him home on the 20th with instructions of how to keep the eye clean. I should like to have him return on Thursday, October 10, at twelve o'clock for the fitting of an artificial eye."

On October 10, 1946 claimant was fitted with an artificial eye, was then discharged and told that he should be able to return to work at once.

Claimant was paid compensation for total temporary disability at the rate of $18.00 per week for the period from September 17, 1946 to and including October 15, 1946 in the amount of $74.57. The following creditors have been paid in connection with this injury:

| | |
|---|---|
| Haley Eye Infirmary, Centralia.............................. | $ 10.00 |
| Dr. Lawrence T. Post, St. Louis, Mo......................... | 209.00 |
| McMillan Hospital ........................................ | 93.35 |
| Grover T. White, expenses................................. | 30.35 |
| Total ................................................. | $342.70 |

From the evidence, claimant is entitled to receive the sum of $2,160.00 for the loss of the sight of an eye, based on 120 weeks at a compensation rate of $18.00 per week.

As claimant lost the sight of an eye, the sum of $100.00 should also be paid to the Treasurer of the State of Illinois for the special fund provided in Section 7, par. E of the Workmen's Compensation Act and as authorized under section 8, par. E, sub-par. 20 of the said Act.

An award is therefore entered in favor of claimant, Grover T. White, in the sum of $2,160.00, payable as follows:

$ 504.00, which has accrued and is payable forthwith;
$1,656.00, payable in installments of $18.00 per week for 92 weeks, commencing May 7, 1947.

An award is also entered for the sum of $100.00, payable to the Treasurer of the State of Illinois.

This award is subject to the approval of the Governor as provided in section 3 of "an Act concerning the payment of compensation awards to State employees."